UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

SK FOODS, L.P., a California
limited partnership, et al.,

       Debtors.

BRADLEY D. SHARP, Chapter 11
Trustee,                                  CIV. NO. S-12-0775 LKK

       Appellant,                        O R D E R

         v.
SSC FARMS 1, LLC, et al.,

       Appellees.
                                   /

     The hearing on this matter is REMOVED from the court's regular law and motion calendar of April 9, 2012. The matter is now specially set for hearing on Wednesday, April 18, 2012 at 10:00 a.m. in Courtroom Four. All parties interested in this motion must appear in person for the hearing. No further briefing is permitted in this matter. The temporary stay previously entered in this matter is continued until further order of this court. The continuance is necessitated by several factors.

     First, appellants seek an "emergency" stay of a Bankruptcy Court reconsideration order that does not compel them to do

anything or to refrain from doing anything; it simply denies their motion for reconsideration.  This has forced this court, and the Trustee in his opposition, to guess about which order appellants actually want stayed.

Second, appellants have failed to submit to this court the bankruptcy court order denying their motion for a stay pending appeal (or even to make reference to it), the final reconsideration order itself (including instead a string of seven "Tentative Rulings" and continuation orders in its appeal papers), the order on which reconsideration was denied, the order of contempt (which is the predicate for the "emergency"), or any other relevant orders or documents, thus forcing the court to pore over 679 docket entries from the Bankruptcy Court in search of the relevant orders and documents.

Third, the failure of the asserted holder of the privilege at stake here – defendants in this case – to participate in the motion that purports to seek "emergency" protection for its own attorney-client privilege, adds an additional level of uncertainty to the determination of this matter.  In addition, this absence leads the court to wonder if appellants and defendants plan a continuation of the "tag team" delay tactics the Bankruptcy Court found they had engaged in prior to this appeal, and which so exasperated that court.

IT IS SO ORDERED.

DATED: April 4, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

2