1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8  In re:

9  SK FOODS, L.P., a California
   limited partnership, et al.,

10
              Debtors.
11
   BRADLEY D. SHARP, Chapter 11
12 Trustee,                                CIV. NO. S-12-0775 LKK

13
              Appellant,                          O R D E R
14
                    v.
15 SSC FARMS 1, LLC, et al.,

16            Appellees.
                                       /
17

18      The hearing on this matter is REMOVED from the court's regular

19 law and motion calendar of April 9, 2012.  The matter is now

20 specially set for hearing on Wednesday, April 18, 2012 at 10:00

21 a.m. in Courtroom Four.  All parties interested in this motion must

22 appear in person for the hearing.  No further briefing is permitted

23 in this matter.  The temporary stay previously entered in this

24 matter is continued until further order of this court.  The

25 continuance is necessitated by several factors.

26      First, appellants seek an "emergency" stay of a Bankruptcy

   Court reconsideration order that does not compel them to do

1  anything or to refrain from doing anything; it simply denies their

2  motion for reconsideration.  This has forced this court, and the

3  Trustee in his opposition, to guess about which order appellants

4  actually want stayed.

5      Second, appellants have failed to submit to this court the

6  bankruptcy court order denying their motion for a stay pending

7  appeal (or even to make reference to it), the final reconsideration

8  order itself (including instead a string of seven "Tentative

9  Rulings" and continuation orders in its appeal papers), the order

10 on which reconsideration was denied, the order of contempt (which

11 is the predicate for the "emergency"), or any other relevant orders

12 or documents, thus forcing the court to pore over 679 docket

13 entries from the Bankruptcy Court in search of the relevant orders

14 and documents.

15     Third, the failure of the asserted holder of the privilege at

16 stake here – defendants in this case – to participate in the motion

17 that purports to seek "emergency" protection for its own attorney-

18 client privilege, adds an additional level of uncertainty to the

19 determination of this matter.  In addition, this absence leads the

20 court to wonder if appellants and defendants plan a continuation

21 of the "tag team" delay tactics the Bankruptcy Court found they had

22 engaged in prior to this appeal, and which so exasperated that

23 court.

24     IT IS SO ORDERED.

25     DATED:  April 4, 2012.

26                                          LAWRENCE K. KARLTON
                                            SENIOR JUDGE
                                            UNITED STATES DISTRICT COURT

2