1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                        EASTERN DISTRICT OF CALIFORNIA

7

8  In re:

9  SK FOODS, L.P., a California
   limited partnership, et al.,

10
            Debtors.
11
   BRADLEY D. SHARP, Chapter 11
12 Trustee,                                   CIV. NO. S-12-0775 LKK

13
            Appellant,                            O R D E R
14
                  v.
15 SSC FARMS 1, LLC, et al.,

16          Appellees.
   _____/
17

18      On March 23, 2012, Cary Collins and his accounting firm,

19 Collins and Associates (collectively, "appellants" or "Collins

20 appellants") filed this appeal from the adversary proceeding below,

21 Sharp v. SSC Farms, I (In re SK Foods, L.P.), Bankr. 9-2692.  On

22 March 28, 2012, appellants sought from this court an emergency stay

23 pending their appeal of what they say is a final ruling of the

24 Bankruptcy Court.  Appellants assert that absent the stay, they

25 will be subject to a $1,000 per day fine imposed by a separate

26 contempt order issued by the Bankruptcy Court.  There are numerous

   procedural flaws in this appeal and emergency motion that render

1   this court unable to decipher what appellants want, or how the

2   relief they seem to want could afford them any relief.

3         1.   Appellants purport to appeal from a March 21, 2012

4   "Tentative ruling" of the Bankruptcy Court.   See Dkt. No. 1 at

5   p.34.[1]   (That order, in turn, denied appellant's motion to

6   reconsider its February 1, 2012 order compelling their production

7   of documents.)   Appellants may appeal as of right only from a

8   "final" judgment, order or decree of the Bankruptcy Court.   28

9   U.S.C. § 158(a).[2]

10        2.   Appellants seem to want "emergency" relief from the

11  Bankruptcy Court's contempt order, yet they do not seek a stay of

12  that order.[3]   Instead they seek a stay of a tentative ruling

13  denying a motion for reconsideration.   Appellants do not explain

14  how ruling on this motion will grant them any relief.

15        3.   Appellants seem to believe that if they can overturn the

16  Bankruptcy Court's February 1, 2012 order (compelling production

17  of documents), they will no longer be subject to that court's

18  $1,000 per day fine.   However, the Bankruptcy Court's contempt

19  _____

20        [1] "p.___" refers to the page number assigned by the CM/ECF
    system.
21

22        [2] Interlocutory appeals are permitted, but only with leave of
    the district court.   28 U.S.C. § 158(a)(3).   Appellants have not
    sought leave to file an interlocutory appeal.
23

24        [3] Appellants have separately appealed the contempt order. See
    Collins v. SSC Farms I, LLC (In re SK Foods, L.P.), Civ. No. 2:12-
    cv-655 LKK.   However, appellants have not moved to stay that order.
25  An appeal of the contempt order has also been filed by SSC Farming,
    LLC.   SSC Farms I, LLC v. Sharp (In re SK Foods, L.P.), Civ. No.
26  2:12-cv-894 LKK.

1 order fines them for violating its November 16, 2011 stipulation

2 and order (in addition to violating the February 1st order).  See

3 Bankr. Dkt. No. 666 ¶¶ 1-2.  Appellants do not explain how granting

4 them the relief they seek will purge this separate contempt (and

5 if it is not a separate contempt, appellants do not explain why

6 not).

7     4.    Appellants seek an emergency stay pending appeal, but

8 they do not disclose that their request for a stay has already been

9 denied by the Bankruptcy Court, nor explain why, in their view,

10 that decision was in error.

11     Accordingly, it is ordered that:

12     1.    Appellants' emergency application (Dkt. No.4) is **DENIED**

13 and the April 18, 2012 hearing date is **VACATED;**

14     2.    Appellants shall, within seven (7) days of the date of

15 this order, amend their Notice of Dismissal to reflect that they

16 are appealing a final order of the Bankruptcy Court.  If appellants

17 fail to do so, the Clerk of the Court is directed to **DISMISS** this

18 appeal, and all stays issued by this court are **VACATED**, without

19 further order of this court.

20     3.    If appellants wish to renew their request for a stay

21 pending appeal, they may do so by filing a noticed motion for such

22 relief no later than fourteen (14) days from the date of this order

23 for the earliest available hearing date;

24     4.    Any renewed request shall comply with the local rules of

25 the district court, including Local Rule 230, and the Bankruptcy

26 Rules governing requests for stays on appeal;

1      5.    This court's temporary stay (Dkt. No. 8), and any

2  continuance thereof, is **VACATED**;

3      6.    The bankruptcy court's order or orders imposing a $1,000

4  per day fine on appellants is temporarily **STAYED** until further

5  order of this court.  If appellants do not file a timely renewal

6  of their request, this temporary stay is **VACATED** without further

7  order of this court.

8      IT IS SO ORDERED.

9      DATED:  April 12, 2012.

10

11

12  _____
    LAWRENCE K. KARLTON
13  SENIOR JUDGE
    UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26