UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

SK FOODS, L.P., a California
limited partnership, et al.,

        Debtors.

BRADLEY D. SHARP, Chapter 11
Trustee,                                      CIV. NO. S-12-0775 LKK

        Appellant,                          O R D E R

           v.
SSC FARMS 1, LLC, et al.,

        Appellees.
_____/

    On March 23, 2012, Cary Collins and his accounting firm, Collins and Associates (collectively, "appellants" or "Collins appellants") filed this appeal from the adversary proceeding below, Sharp v. SSC Farms, I (In re SK Foods, L.P.), Bankr. 9-2692. On March 28, 2012, appellants sought from this court an emergency stay pending their appeal of what they say is a final ruling of the Bankruptcy Court. Appellants assert that absent the stay, they will be subject to a $1,000 per day fine imposed by a separate contempt order issued by the Bankruptcy Court. There are numerous procedural flaws in this appeal and emergency motion that render

this court unable to decipher what appellants want, or how the relief they seem to want could afford them any relief.

    1.  Appellants purport to appeal from a March 21, 2012 "Tentative ruling" of the Bankruptcy Court. See Dkt. No. 1 at p.34.[1]  (That order, in turn, denied appellant's motion to reconsider its February 1, 2012 order compelling their production of documents.)  Appellants may appeal as of right only from a "final" judgment, order or decree of the Bankruptcy Court.  28 U.S.C. § 158(a).[2]

    2.  Appellants seem to want "emergency" relief from the Bankruptcy Court's contempt order, yet they do not seek a stay of that order.[3]  Instead they seek a stay of a tentative ruling denying a motion for reconsideration.  Appellants do not explain how ruling on this motion will grant them any relief.

    3.  Appellants seem to believe that if they can overturn the Bankruptcy Court's February 1, 2012 order (compelling production of documents), they will no longer be subject to that court's $1,000 per day fine.  However, the Bankruptcy Court's contempt

---

[1] "p.___" refers to the page number assigned by the CM/ECF system.

[2] Interlocutory appeals are permitted, but only with leave of the district court.  28 U.S.C. § 158(a)(3).  Appellants have not sought leave to file an interlocutory appeal.

[3] Appellants have separately appealed the contempt order.  See Collins v. SSC Farms I, LLC (In re SK Foods, L.P.), Civ. No. 2:12-cv-655 LKK.  However, appellants have not moved to stay that order.  An appeal of the contempt order has also been filed by SSC Farming, LLC.  SSC Farms I, LLC v. Sharp (In re SK Foods, L.P.), Civ. No. 2:12-cv-894 LKK.

order fines them for violating its November 16, 2011 stipulation and order (in addition to violating the February 1st order).  See Bankr. Dkt. No. 666 ¶¶ 1-2.  Appellants do not explain how granting them the relief they seek will purge this separate contempt (and if it is not a separate contempt, appellants do not explain why not).

    4.    Appellants seek an emergency stay pending appeal, but they do not disclose that their request for a stay has already been denied by the Bankruptcy Court, nor explain why, in their view, that decision was in error.

    Accordingly, it is ordered that:

    1.    Appellants' emergency application (Dkt. No.4) is **DENIED** and the April 18, 2012 hearing date is **VACATED;**

    2.    Appellants shall, within seven (7) days of the date of this order, amend their Notice of Dismissal to reflect that they are appealing a final order of the Bankruptcy Court.  If appellants fail to do so, the Clerk of the Court is directed to **DISMISS** this appeal, and all stays issued by this court are **VACATED**, without further order of this court.

    3.    If appellants wish to renew their request for a stay pending appeal, they may do so by filing a noticed motion for such relief no later than fourteen (14) days from the date of this order for the earliest available hearing date;

    4.    Any renewed request shall comply with the local rules of the district court, including Local Rule 230, and the Bankruptcy Rules governing requests for stays on appeal;

    5. This court's temporary stay (Dkt. No. 8), and any continuance thereof, is **VACATED**;

    6. The bankruptcy court's order or orders imposing a $1,000 per day fine on appellants is temporarily **STAYED** until further order of this court. If appellants do not file a timely renewal of their request, this temporary stay is **VACATED** without further order of this court.

    IT IS SO ORDERED.

    DATED: April 12, 2012.

```
                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```